```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| QADIR LAMB,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>THE STATE OF NEW JERSEY, et al.,<br><br>　　　　　Defendants. | Civil No. 12-6782 (JBS-AMD)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE**, Chief Judge:

　　The matter before the Court arises from a traffic stop and traffic citations issued to Plaintiff Qadir Lamb by an Oakland Borough Police Department officer. Plaintiff asserts defenses to the citations and also raises additional Constitutional and civil rights claims against the officer and other defendants. Plaintiff, representing himself, seeks to remove the action from the Traffic Division of the Oakland Borough Municipal Court in Camden County, N.J., and file his Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a) without prepayment of fees. The Court finds as follows:

　　1. The Court has reviewed Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Docket Item 1-1], which was received on October 24, 2012. Because the Affidavit discloses that Plaintiff is indigent, the Court will permit the Complaint to be filed without prepayment of fees.

　　2. Federal courts have an independent obligation to satisfy

themselves of subject matter jurisdiction. <u>Nesbit v. Gears Unlimited, Inc.</u>, 347 F.3d 72, 76 (3d Cir. 2003). Accordingly, the Court, on its own initiative, will analyze whether it has jurisdiction in this matter.

    3. Plaintiff Lamb, whose "former name" is Amir Little, asserts that he was pulled over in Oakland, N.J., while driving a relative's car on the afternoon of March 31, 2012. [Compl. ¶¶ 2-3 at 5.] The officer, whom Plaintiff identifies as Det. Christopher Romeo, explained that he stopped Plaintiff because the officer "ran the license plate, and it was registered to a suspended license driver." [<u>Id.</u> ¶ 4 at 5, ¶ 15 at 8.] Plaintiff explained that he was not the registered driver of the vehicle and, upon request, presented the officer with his "nationality documents and the [vehicle] registration." [<u>Id.</u> ¶ 4 at 5.] Plaintiff describes himself as a "US Natural Born, US National of the Cherokee-Choctaw Tribe of the International Society of Indigenous Sovereigns." [<u>Id.</u>] The officer proceeded to search the vehicle, over Plaintiff's objection, but, according to Plaintiff, "did not find any forms of CDS [controlled dangerous substances], Firearms, Weapons, nor any other termed Narcotics or paraphernalia." [<u>Id.</u> ¶ 5 at 6.] Plaintiff was neither arrested nor issued citations at that time. [<u>Id.</u> ¶¶ 6-7 at 6.] The officer ordered Plaintiff and his children out of the car, towed the vehicle, retained Plaintiff's identification papers, and, several

days later, Plaintiff received citations for failure to inspect the vehicle, failure to maintain vehicle lamps and failure to produce documents. [Id. ¶ 7 at 7, ¶ 15 at 8, ¶ 1 at 11.] Although Plaintiff never explains whether he was arrested following the incident, he suggests as much by writing: "[t]he question then is simply whether the respondent / counterclaimant (Qadir Lamb) raised enough lawful suspicion of a crime to be charged with CDS possession with intent to distribute." [Id. ¶ 1 at 6.] Plaintiff's submission to the Court does not further elucidate any drug charges or pending criminal proceedings against Plaintiff, if any exist.[1]

    3. Plaintiff requests that the three vehicle citations be dismissed. [Id. ¶ 1 at 11.] Plaintiff also claims that his traffic stop was racially motivated [id. ¶ 8 at 6, ¶ 5 at 7], and he asserts a litany of claims, some of which are difficult to decipher, including violations of the First, Fourth, Fifth, Sixth, Ninth and Fourteenth Amendments to the U.S. Constitution, as well as violations of the New Jersey Constitution and the New Jersey Civil Rights Act, N.J. Stat. Ann. § 10:6-1 et seq., and other tort claims. He requests various injunctive and monetary relief. [Id. ¶¶ 1-10 at 11-12.]

---

[1] The Court cannot speak with complete confidence about the exact charges against Plaintiff, because Plaintiff did not attach copies of all process, pleadings and orders served upon him, as required by 28 U.S.C. § 1446(a).

4. This Court lacks jurisdiction over a traffic ticket case. See, e.g., Christ v. Vora, 294 Fed. Appx. 752, 752 (3d Cir. 2008) (affirming the district court's dismissal of an action which plaintiff sought to remove from municipal court, arguing that traffic citations, and other citations, were issued on the basis of religious and ethnic discrimination), El Bey v. N. Brunswick Mun. Court, No. 08-2825, 2008 WL 2510725, at *1 (D.N.J. June 19, 2008) (ruling that "a federal district court may not exercise jurisdiction over a municipal court proceeding" and citing several Third, Sixth, and Ninth Circuit cases dismissing or remanding traffic court actions to state court).

5. State court actions implicating civil rights cases may not be removed under 28 U.S.C. § 1443, except for "rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights [the defendant's federal rights] will inevitably be denied by the very act of bringing the defendant to trial in the state court." City of Greenwood, Mississippi v. Peacock, 384 U.S. 808, 827 (1966). In the present case, Mr. Lamb has the opportunity to defend himself in the Municipal Court which observes due process of law, and, if convicted, to seek judicial review in the Superior Court of New Jersey.

6. Plaintiff likely believes this is a civil rights case, under 28 U.S.C. § 1443, but it is not, because Plaintiff does not

demonstrate in his filing that New Jersey courts are incapable of protecting his right to equal protection of the law. Plaintiff cannot turn a traffic summons case itself into a counterclaim for affirmative relief under 42 U.S.C. § 1983, but he may file a separate action seeking that relief in a court of competent jurisdiction. Therefore, the Court must dismiss Plaintiff's petition for removal and remand to the Municipal Court, without prejudice to Plaintiff's right to commence a new civil rights action seeking § 1983-type relief against the officer and the police department. Plaintiff should assert whatever defenses he has to the traffic citations in the Oakland Borough Municipal Court, Camden County, N.J..

    7. The accompanying Order for Remand will be entered.

**November 15, 2012**       **s/ Jerome B. Simandle**
Date       JEROME B. SIMANDLE
     Chief U.S. District Judge